UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

~~RECEIVED~~ File

2015 DEC 22 PM 2:03

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

_Jacksonville_ Division

CIVIL RIGHTS COMPLAINT FORM

NYKA O'CONNOR

CASE NUMBER: 3:15-CV-1513-J-34JRK
(To be supplied by Clerk's Office)

Jury Trial Demanded.

(Enter full name of each Plaintiff and prison number, if applicable)

HECTOR CARRASQUILLO, JOSHUA BOSTIC, KRAUN,

BENNET KILGORE, MERCARJO, CURTIS, GRIFFIN,

ALLEN, SLONE, CARTER, NORMAN, AVILES, UCI WARDEN DIANE ANDREWS,

JOHN DOE #1, JOHN DOE #2, HODGES, FDOC SEC. JULIE JONES.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

Officially &/or Individually. Jointly and Severally

ANSWER ALL OF THE FOLLOWING QUESTIONS:

PLACE OF PRESENT CONFINEMENT: Suwannee CI, 5964 US Highway
(Indicate the name and location)
90, Live Oak FL 32060

I. EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

II. PREVIOUS LAWSUITS:

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )  See case History

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )  See Case History

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below. See attached case history.

   1. Parties to previous lawsuit:

      Plaintiff(s): NYKA O'CONNOR

      Defendant(s): SUWANNEE CI, et al

   2. Court (if federal court, name the district; if state court, name the county):

      US District Court Jacksonville FL

   3. Docket Number: 3:15-cv-394-TJC-JRK

   4. Name of judge: Timothy Corrigan

   5. Briefly describe the facts and basis of the lawsuit: Excessive Force, Denial of Adequate Care regarding gastro issues - imminent danger, heads adequate diet for health & religion, etc.

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Dismissed, pending appeal in 11th circuit case #15-12329-D where Imminent Danger was found regarding gastro issues

   7. Approximate filing date: early 2015, about 3-27-15

   8. Approximate disposition date: early 2015, about 4-13-15

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)

2

identify these suits below by providing the case number, the style, and the disposition of each case: _See case history herewith_

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: _NYKA O'CONNOR_

   Mailing address: _Suwannee CI, 5964 US Highway 90, Live Oak FL 32060_

B. Additional Plaintiffs: _None_

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: _Hector Carrasquillo (Hispanic-White Male)_

   Mailing Address: _1819 N.W. 228th Street Raiford FL 32026; probably went to Columbia CI or got fired when the FEDS & FDLE came to UCI in 2012._

   Position: _Sergeant_

   Employed at: _UCI, 1819 N.W. 228th Street Raiford FL 32026, (or Columbia CI (address unknown))_

D. Defendant: _Joshua Bostic (W/M)_

   Mailing Address: _1819 N.W. 228th Street Raiford FL 32026, (probably went to Columbia also.)_

DC 225 (Rev 2/2012)                        3

E.
Position: CO - Correctional Officer - Security
Employed at: UCI, 7819 N.W. 228th St. Raiford FL 32026 (probably at Columbia CI).
Defendant: KRAUN (W/F)
Mailing Address: 7819 N.W. 228th St. Raiford FL 32026

F.
Position: Mental Health Counselor
Employed at: UCI, 7819 N.W. 228th Street, Raiford FL 32026 (or Columbia CI)
Defendant: Bennet Kilgore (W/M)
Mailing Address: 7819 N.W. 228th St. Raiford FL 32026 (probably at Columbia CI also).

G.
Position: Lieutenant (then), probably captain now.
Employed at: 7819 N.W. 228th St. Raiford FL 32026 (or Columbia CI)
Defendant: Mercardo (White Hispanic Male)
Mailing Address: UCI, 7819 N.W. 228th St. Raiford FL 32026 (probably at Columbia CI)
Position: Captain while at UCI
Employed at: UCI, 7819 N.W. 228th St. Raiford FL (or Columbia CI).

IV PARTIES

H. Defendant: Curtis (W/M)
   Mailing: UCI, 7819 N.W. 228th St. Raiford Fla 32026 (or Columbia)
   Position: Lieutenant at UCI at the time, probably captain now.
   Employer: UCI, 7819 N.W. 228th St. Raiford Fla 32026 (or Columbia CI)

I. Defendant: Griffin (W/F) aka Redhead
   Mailing: UCI, 7819 N.W. 228th St. Raiford Fla 32026
   Position: Nurse
   Employed: UCI, 7819 N.W. 228th St. Raiford Fla 32026

J. Defendant: Allen (W/M)
   Mailing: UCI, 7819 N.W. 228th St. Raiford FL 32026
   Position: Lieutenant
   Employed: UCI, 7819 N.W. 228th St. Raiford FL 32026 (or Columbia CI)

K. Defendant: Stone or Sloan (W/M)
   Mailing: UCI, 7819 N.W. 228th St. Raiford FL 32026 (or Columbia or FSP)
   Position: Co-Correctional Officer, Security, Extraction Team Member.
   Employed: UCI, 7819 N.W. 228th St. Raiford FL 32026 (or Columbia or FSP)

L. Defendant: Carter (W/M)
   Mailing: UCI, 7819 N.W. 228th St. Raiford FL 32026 (or Columbia CI)
   Position: Co-Correctional Officer, Security, Extraction Team Member
   Employed: UCI, 7819 N.W. 228th St. Raiford FL 32026 (or Columbia CI)

M. Defendant: Norman (W/M)
   Mailing: UCI, 7819 N.W. 228th St. Raiford FL 32026
   Position: Co-Correctional Officer, Security, Extraction Team Member.
   Employed: UCI, 7819 N.W. 228th St. Raiford FL 32026

## IV. PARTIES

N. Defendant: Aviles (W/M - Hispanic)
   Mailing  : UCI, 7819 N.W. 228th St. Raiford FL 32026 (last known)
   Position : Medical Doctor
   Employed : UCI, 7819 N.W. 228th St. Raiford FL 32026 (last known)

O. Defendant: Diane Andrews (W/F)
   Mailing  : UCI, 7819 N.W. 228th St. Raiford FL 32026
   Position : Warden
   Employed : UCI, 7819 N.W. 228th St. Raiford FL 32026

P. Defendant: John Doe #1 (W/M)
   Mailing  : UCI, 7819 N.W. 228th St. Raiford FL 32026
   Position : Security - Extraction Team Member
   Employed : UCI, 7819 N.W. 228th St. Raiford FL 32026

Q. Defendant: John Doe #2 (W/M)
   Mailing  : UCI, 7819 N.W. 228th St. Raiford FL 32026
   Position : Security - Extraction Team Member
   Employed : UCI, 7819 N.W. 228th St. Raiford FL 32026

R. Defendant: Hodges (W/F)
   Mailing  : UCI, 7819 N.W. 228th St. Raiford FL 32026 (last known)
   Position : Nurse
   Employed : UCI, 7819 N.W. 228th St. Raiford FL 32026 (last known)

S. Defendant: Julie Jones (W/F)
   Mailing  : ~~[struck through]~~ Central Office, 501 S Calhoun St. Tall. FL 32399
   Position : Secretary FDOC
   Employed : Central Office, 501 South Calhoun St. Tallahassee FL 32399

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

See Attached

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

See Attached

DC 225 (Rev 2/2012)

5

VII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

1. Preliminary & Permanent Injunction, or Less Intrusive Order to provide

O'Connor adequate care and accommodations; especially for gastro issues among other health issues. Damages including Compensatory, Punitive, Nominal & Mental-Emotional Damages. Return Property &/or provide a substitution of equal value. Appoint Counsel. Jury Trial on all issues Triable. O'Connor seeks to recover once for any wrongs instead of twice for single wrong in Tort & Contract, as allowed by laws. Declaration that all acts and omission(s) herein violate(s) the laws.

Any further relief. Thanks.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 17th day of August, 2015.

Date: 12-17-15                           NYKA TASSIANT O'CONNOR

(Signatures of all Plaintiffs)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 17th day of December, 20 15.

I Claims

1. All facts are incorporated herein by reference
2. All Defendants are sued under the totality of circumstances criteria
3. Carrasquillo, Bostic and Kilgore, subjecting O'Connor to a sexually harassing strip search constitute Cruel & Unusual Punishment under US Const Amend 8, Breach of Contract under Federal Common Laws & Fla Contract Laws.
4. Slone, Carter, Norman, John Doe #1, John Doe #2 & Kilgore using Excessive Force on O'Connor, constitute Cruel & Unusual Punishment, under US Const. Amend. 8; Breach of Contract under Federal Common Laws & Fla Contract Laws; Assault & Battery Torts, Assault & Battery Crimes under FS §§ 944.35, 415.102(1), 784.011 & 784.03.
5. Kilgore, Mercado, Curtis, Allen, Carrasquillo, Bostic, et al, failing to intervene in Excessive Force, constitute Cruel & Unusual Punishment, under US Const. Amend. 8; Breach of Contract under Federal Common Law Laws & Fla Contract Laws; Assault & Battery Torts, Assault & Battery Crimes under FS §§ 944.35, 415.102(1), 784.011 & 784.03.
6. Hodges' deliberate indifference to O'Connors' serious Health Needs, constitutes Cruel & Unusual Punishment under US Const Amend 8; Breach of contract under Federal Common Laws & Fla Contract Laws.
7. Griffins' deliberate indifference to O'Connors' serious Health Needs, constitutes Cruel & Unusual Punishment under US Const. Amend. 8; Breach of Contract under Federal Common Laws & Fla Contract Laws.
8. Krauns' deliberate indifference to O'Connors' serious Health Needs, constitutes Cruel & Unusual Punishment under US Const. Amend. 8, Breach of Contract under Federal Common Laws & Fla Contract Laws
9. Nunes' deliberate indifference to O'Connors' serious Health Needs, constitutes Cruel & Unusual Punishment under US Const. Amend 8; Breach of Contract under Federal Common Laws & Fla Contract Laws.
10. Carrasquillo, Bostic, Kilgore, et al Retaliating against O'Connor for writing Grievances & writing the Governor, constitute Free Speech Violation under US Const Amend. 1, Breach of Contract under Federal Common Laws & Fla Contract Laws.

V Statement of Claims (Continued)

11. Julie Jones & D. Andrews failing to remedy the ongoing denial of property constitute Breach of Contract under Federal Common Laws & Fla Contract Laws.

12. Julie Jones & Diane Andrews, discriminating and failing to accommodate O'Connors' Mental, Gastro & Shoulder Disabilities, constitutes Discrimination and violates ADA, RA, constitutes Breach of Contract under Federal Common Laws and Fla Contract Laws.

13. Julie Jones & Diane Andrews, discriminating & failing to accommodate with adequate Diet for Health & Religion, constitutes Discrimination & Denial of Religion, under ADA, RA, US Const. Amend 1, RLUIPA, Breach of Contract under Federal Common Laws & Fla Contract Laws.

## VI. Facts

### Constitutional Torts

1. On 1-27-12, Sgt Carrasquillo and CO Bostic came cellfront TCU housing cell V-2102, and subjected O'Connor to a sexually harassing strip search.

2. Said strip search ensued because Inmate Haywood falsely advised staff that O'Connor possessed razorblades, which staff relied on without proof.

3. O'Connor possessed no razorblades, and refused to touch His genitals, place His fingers in His mouth thereafter, then "bend over and buss your ass" as ordered.

4. Lt Kilgore then came on the scene, who also subjected O'Connor to said previously sexually harassing strip search, that Carrasquillo & Bostic subjected O'Connor to.

5. Again, O'Connor refused to touch His genitals, place His fingers in His mouth, the "bend over & buss your ass," and Lt Kilgore threatened to abuse O'Connor.

6. The cell extraction team was summoned by Lt Kilgore to abuse O'Connor, who agreed to be handcuffed, which the portable camera witnessed.

7. There is no policy that requires an Inmate to strip search when He agrees to handcuffs prior to a cell extraction team, cellfront entering cell.

8. However, Lt Kilgore then advised O'Connor cellfront to strip, to which O'Connor complied with; to strip His clothes for a body search per 33-602.210.

9. While in the process of stripping, absent need & justification, Kilgore ordered the celldoor to be opened while O'Connor was on the floor yelling that He was stripping.

10. The extraction team entered the housing cell absent need & justification, & abused O'Connor by sadistically, maliciously & wantonly, trying to poke out O'Connor's eyes, break His fingers, & toes.

11. Said extraction team squeezed O'Connor's testacles, poked & squeezed O'Connor's gastrointestines while kneeing O'Connor in said gastro area, causing trauma & pain.

12. Lt Curtis went into the portable camera's view to block said abuse, and Captain Mercardo told Curtis to get out the way.

13. Lt Kilgore using His huge body to block the video camera, sadisticly, maliciously, & wantonly, shielded the camera's view when someone (probably Kilgore) used metal object to wound O'Connor's head.

14. A lot of blood bled from the 3"-4" laceration and trauma on O'Connor's headback.

15. At all times, O'Connor was submissive on His stomach, without resisting, and posed no threat, penological issues or harm warranting said excessive force.

VI. Facts

16. At the time staff lacerated O'Connor in the headback, O'Connor was in full restraints, laying on the floor, in prone position, without posing any threat.

17. Staff e.g. Kilgore, Capt Mercardo, Lt Curtis, Lt Allen, Sgt Carrasquillo, Co Bostic, and others were in a reasonable position with a realistic opportunity to intervene.

18. None of said staff intervened, and simply encouraged said abuse while being deliberately indifferent to said Team wantonly, sadistically, maliciously, kneeing, squeezing & poking O'Connor all over.

19. Extraction Team Members Slone, Carter, Norman, John Doe #1, John Doe #2, escorted O'Connor to the medical Triage Room while bleeding.

20. No Full Body post use of Force assessment was done by Hodges, to document all O'Connors' pain and physical injuries, O'Connor disclosed to assessing Nurse Hodges.

21. At the time, Hodges was in a relationship with Carrasquillo and had reason to downplay O'Connors' injuries, pain, suffering, anguish & distress.

22. Hodges simply placed a bandage cotton/gauze pad with tape around said wound and dismissed O'Connor from said medical Room.

23. Hodges was well aware of O'Connors' serious medical needs, that she did not respond to reasonably, appropriately and adequately.

24. Hodges disregarded O'Connors' complaints to Her about pains, inflammation and burning sensation in O'Connors' stomach from said staff injuring His gastro area by kneeing, squeezing & poking.

25. Hodges disregarded O'Connors' complaints to Her about O'Connors' impaired vision, blurry vision, eye pain resulting from said staff abuses causing trauma.

26. Hodges disregarded O'Connors' complaints about His toes, fingers & testicles that the team was squeezing & tried to break, causing trauma, by twisting same.

27. As a result, Hodges deliberate indifference to O'Connors' serious medical needs, O'Connor continued to bleed, suffered pain anguish and emotional distress.

28. O'Connor was escorted from the medical triage room to the housing cell V-2102, where O'Connor was placed on strip in a cold cell, with A/C blowing cold air.

29. O'Connor was denied adequate bedding, and was denied His meals on SHOs per custom to give SHOs Inmates empty trays or don't open food flap - yillateen.

30. O'Connor requested that Psych counselor Ms Krawn write an incident report about said staff abuse that O'Connor relayed to Ms Krawn, cellfront, to no avail.

## VI. Facts

31. Ms Kraun was deliberately indifferent in responding to O'Connors serious medical needs that she was aware of, by not writing said incident report.

32. Ms Kraun did not seek to ensure O'Connor was provided adequate care for His injuries, by Kraun relaying issues to the correct parties, e.g. M.D.

33. O'Connor remained in said cell, in inhumane conditions, while His lacerated headback continued to bleed, with pounding headache, paining eyes.

34. O'Connor also continued suffering blurring vision, pain in His fingers, toes, testicles and gastro region from said cell extraction team causing trauma.

35. After nurse rounds, the Nurse saw the open wound still bleeding, with blood all over the cell, whenafter, O'Connor was taken to Urgent Care (UCA).

36. At UCA, O'Connors' headback was shaved and glued to stop the bleeding, done by Nurse Griffin, who O'Connor relayed His other issues to, to no avail.

37. Nurse Griffin stated that O'Connors' other issues such as paining eyes, blurry vision, pounding headach, paining toes & fingers, testicles and stomach weren't at issue.

38. Nurse Griffin advised O'Connor that she was only concerned with O'Connors' headback, and other issues should have been addressed by Nurse Hodges.

39. Nurse Griffin was aware of O'Connors' serious medical needs for His paining eyes, vision, headache, paining toes & fingers, testicles and stomach pains & cramps, from said team.

40. Nurse Griffin was deliberately indifferent in not responding appropriately to O'Connors' serious medical needs.

41. Nurse Griffin deliberate indifference caused O'Connor to suffer ongoing pain, anguish and emotional distress, blurry vision, & stomach cramps with sharp stabs.

42. Dr Aviles who witnessed the whole ordeal by Nurse Griffin, condoned said acts and omissions, & was aware of O'Connors' serious medical needs also.

43. However, Dr Aviles did not respond appropriately, causing O'Connor to suffer ongoing pain, anguish, emotional distress, blurry vision, & stomach cramps with stabs.

44. O'Connor was escorted back to the housing cell, where O'Connor remained on SHOS in said inhumane conditions.

45. While on SHOS, O'Connor was subjected to hunger pains due to denial of meals, and had to take Psych Meds & Gastro Meds on empty stomach, causing nasea, etc.

## VI. Facts

46. O'Connor was advised by staff that the reason staff wanted to search his cell initially for razors, was to place O'Connor on strip, for his writing.

47. Specifically, for O'Connor writing several grievances who staff considers a writ writer, and for writing the Governor.

48. O'Connor was engaged in a protected conduct to write grievances and write the Governor about conditions of confinement.

49. Adverse action was taken by Defendants Carrosquillo, Bostic, Kilgore, et al, to deter O'Connor from exercising his Free Speech, via excessive force, strip & starving.

50. The causal connection is blatant; where, had O'Connor not written said grievances and the Governor, none of said abuses would have ensued.

51. To date, O'Connors' personal property taken has not been returned, which includes Religious/Esoteric Materials, (from SYDA Foundation), etc.

52. Additional personal property taken and not yet returned, include stamps, envelops, writing papers, photographs, etc., which are under care of Jones & Andrews.

53. See 5-9-13 Notice to Risk Management regarding said denied property, incorporated herein by reference, which Julie Jones & A. Andrews hasn't corrected.

## Congressional Torts

54. O'Connor is a qualified individual with Mental Disabilities such as Depression, Paranoia, Hallucinations, etc., verified by FDOC records, & Union Court.

55. At all times O'Connor was a Psyche Patient in Inpatient Care on Psych meds, under care of a Psychiatrist.

56. O'Connor was denied participation in major life activities & functions such as eating, denied meals on sHos, due to mental issues warranting sHos status.

57. O'Connor was also denied writing & reading materials in his personal property due to his sHos status.

58. Medical advised that not eating for a lengthy period, caused gastric acid to eat O'Connors' stomach lining, contributing to acid reflux, heartburns etc.

59. O'Connor is a qualified individual with gastro disabilities that hinder participation in daily activities and major life functions.

VI. Facts

60. O'Connors' gastro pains and cramps prohibit O'Connor from sleeping, exercising, bending with head going too low; where acid reflux ensues, stripping his esophagus cells

61. O'Connor is being deprived participation in eating activities due to FDOC's & UCI's, custom in, failing to provide O'Connor with diet for his gastro & sincere religious beliefs.

62. Where, O'Connor's Jewish & STAR beliefs prohibit meat, fish and eggs, which O'Connor's subjected to eat; but allows peanut butter, cereal, bread, vegetables, fruit & milk.

63. O'Connor's starvation via denial of meals caused the gastric acid to eat his stomach lining, leading to acid reflux that causes esophagus cancer.

64. O'Connor has developed gallstones, constipation, and appendicitis that are life threatening, for which O'Connor's awaiting hydascan, colonoscopy & surgery.

65. Said hydascan, colonoscopy & surgery have already been approved by FDOC.

66. O'Connor has visual disability that prohibits him from reading, writing, seeing close up, and is a qualified individual with visual disabilities

67. O'Connor is a qualified individual with painful shoulder disabilities e.g., CRPS, that prohibits O'Connor from sleeping on his sides, lifting heavy objects, & exercising.

68. FDOC & UCI can accommodate said disabilities via, adequate care, colonoscopy, hydascan, surgery, adequate diet, MRI on head & shoulders, front cuff pass, etc.

69. FDOC & UCI can accommodate via eyeglasses, pain meds, gastro meds, other issues, etc., but refuse to do so, despite O'Connor repeatedly accessing sick-call for same.

Injuries

70. Prior physical injuries preceding Mental & Emotional Injuries include but not limited to O'Connors' 2010 gastro surgery that left a permanent 4" scar.

71. The Extraction Teams squeezing and kneeing O'Connor in the stomach, agitated and aggravated an existing gastro injury, causing additional trauma.

72. The Extraction Team poking O'Connor in the eye, aggravated & agitated the 2010 injury from prior abuse; where, 2010 eye doctor said jelly in eye shifted

73. The 4" scar in O'Connors' headback is permanent disfigurement, which causes O'Connor to have black-outs, dizzy spells & lightheadedness.

VI. Facts

<u>Contracts</u>

14. All Defendants took oaths upon being employed with FDOC to provide adequate care, custody, control & confinement; & papers were signed to ensure same.

15. All Health care staff were contracted via licensing with Fla Dept of Health (FDoH) to provide adequate care, & Doctors took Hyppscratic Oaths to provide care.

16. Sentencing Judge Backman issued a decree, ie, Uniform Warrant of Committment to FDOC et al, to keep O'connor and His personal property safely.

17. All Defendants agreed to said decree, to perform their contractual duties to care.

18. The herein constitute offer and acceptance, where, Defendants & got paid to perform their jobs.

19. Defendant breached said contracts, oaths, agreements, promises, etc, by abusing O'connor, starving Him, subjecting Him to inhumane conditions, discrimination, etc.

80. Said breach includes not accommodating O'connors' Disabilities, not providing adequate care custody control and confinement.

81. Said breach caused O'connors' physical & emotional injuries stated herein, which contributes to gastro and other health problems.

<u>Imminent Danger</u>

82. O'connor's in Imminent Danger of dying due to appendiatis, where appendix is known to rupture, and cause death; which prohibits eating, walking, sleeping, etc..

83. O'connor's gallstone issues are considered medical emergencies.

84. Rupture of the veins in O'connors' esophagus is known to cause a massive and often fatal blood loss.

85. O'connor remains with severe pains, anguish, distress, bloody stools, gastro and anal cramps, acid reflux, heartburns, etc., which enhances the above

86. See 11th Circuit case #15-12329-D & US Dist Jax FL case # 3:15-cv-1387-J-32JBT for Imminent Danger; where, O'connor sought care via sick-calls, etc, to no avail, evidenced by exhibits in said above cases.

<u>Joinder of Claims & Parties</u>

87. All matters herein are ongoing, arose from same transaction, occurrence & series of transactions & occurences, with issue of law & fact common to all.

Case History incorporated herein by reference:-

US Sup. Ct.
12-10056, 11-6677, 11-7083, 10-5642, 11-5793, 13-7140, 15-5811

US Ct 11th Cir
11-12487-H, 11-12486-G, 11-12484-B, 10-15813-F, 10-12103-H, 09-1207, 10-14677, 11-11168, 11-12692, 11-12693, 12-11065, 12-11285, 12-11777, 12-11893, 12-12505, 12-12696, 13-13910, 14-10378, 14-10405, 14-13101, 14-14421.

US Dist Ct. North Dist FL.
3:05-CV-384, 3:06-CV-10, 3:06-CV-45, 3:06-CV-86, 3:08-CV-472, 3:09-CV-143, 4:10-CV-282, 3:10-CV-354, 3:10-CV-360, 3:09-CV-224, 3:13-CV-179, 3:08-CV-357, 4:14-CV-00401-RH-CAS.

US Dist Ct Middle Dist FL.
3:07-CV-407, 3:10-CV-296, 6:10-CV-1418, 3:10-CV-883, 6:11-CV-378, 3:10-CV-1123, 3:11-CV-01053, 3:11-CV-307, 3:11-CV-252, 3:10-CV-01090, 3:13-CV-01398-HLA-JRK, 3:15-CV-394-J-32-JRK, 3:15-CV-410-J-32-JBT, 3:15-CV-1387-J-32-JBT

US Dist Ct South Dist FL.
0:07-CV-60636, 0:07-CV-60902, 0:07-bk-12045, 0:09-CV-61099, 0:13-MC-62685-KMM, 0:14-CV-60468-PAW, 0:14-CV-60886-MGC, 0:14-CV-61355-WJS.

Fla Sup Ct.
SC04-1309, SC06-312, SC06-313, SC08-298, SC08-746, SC08-1097, SC08-2237, SC09-1259, SC09-1395, SC12-241, SC12-241, SC12-427, SC12-435, SC12-1315, SC11-631, SC11-2097, SC12-2689, 16 So.3d133, SC13-1881, SC14-1403, SC14-403, SC14-807, SC15-1980

1st DCA
1D08-1102, 1D10-5664, 1D11-3470, 1D12-1748, 1D12-4074, 1D12-1500, 1D13-0790, 1D12-4099, 1D12-4669, 1D13-2013, 1D13-2492, 1D11-2875, 1D11-4981, 1D13-0653, 1D11-5650, 1D11-4424, 1D12-0665, 1D13-0596, 1D13-0529, 1D13-0863,

2nd DCA: 2D14-4581, 2D14-4627, 2D15-1653

4th DCA

4D10-4525, 835 So2d 1226, 4D07-4563, 4D08-4196, 4D08-3740, 895 So.2d 523, 11 So.2d 133

5th DCA

5D13-2951

Broward County Cir Ct FL

00-5223CF10B, 2006CA12933

Leon County Cir Ct FL

2007CA446, 2007CA2545, 2007CA3187, 2008CA746, 2008 3133, 2010CA2751, 2012CA824, 2012CA1255, 2012CA1288, 2012CA1591, 2012CA1824, 2012CA1875, 2012CA2174, 2012CA2209, 2012CA3776, 2012CA3777, 2010-CA-3930, 2010-CA-2411, 2012CA1495, 2011CA1158, 37-2011APS500, 2013-SC00126, 2013SC1400, 2013SC001540

Santa Rosa County Cir Ct FL

2006CA116, 2008CA53, 2010CA116, 2011CA26, 2012CA32, 2012CA62, 63-2010-CA-0105, 63-2013-CA-112, 63-2014-0030, 63-2014-CA-0045, 63-2014-CA-0055, 63-2014-SC-0081

Lake County Cir Ct FL

2012CA002174, 2013-CA-000212

Bradford

04-2013-CA-000583, 04-2014-CA-22

Charlotte County Cir Ct FL

14000475P, 14272SP, 140003145P, 2014-1073-CA, 1400198CA

* NOTE all cases not listed in said court due to lack of personal property, are incorporated herein by reference.

Union County Court
2006 CA 116, 2008 CA 53, 2010 CA 116, 2011 CA 26, 2012 CA 32, 2012 CA 62, 63-2014-CA-0030, 63-2010-CA-0105, 63-2013-CA-112, 63-2014-CA-0045, 63-2014-CA-0055, 63-2014-SC-0081, 63-2014-SC-0038, 63-2014-SC-0101, 63-2014-SC-0134, 63-2015-0023.

Suwannee County Court
See Docket, property discarded by staff with number, probably 2014-DR-0086-RV